Filed 5/7/25; Certified for Publication 5/28/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY,<br><br>        Petitioner,<br><br>            v.<br><br>WORKERS' COMPENSATION APPEALS BOARD and GEORGE ZEBER,<br><br>        Respondents. | G064030<br><br>(WCAB Case No. ADJ10857121)<br><br> O P I N I O N |

        ORIGINAL PROCEEDINGS petition for review. Petition granted. Request for Judicial Notice denied.

        Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Tracy D. Forbath, and Megan E. McDonald for Petitioner.

        Anne Schmitz and Allison J. Fairchild for Respondent Workers' Compensation Appeals Board.

Mix & Namanny and Patrick N. Namanny for Respondent George Zeber.

*      *      *

In the underlying matter, respondent George Zeber (Zeber) filed a workers' compensation claim for cumulative injury sustained during his employment with the New York Yankees from 1968 through 1978. Whether the New York Yankees had workers' compensation coverage during this time was disputed by petitioner Travelers Indemnity Company (Travelers). The Workers' Compensation Appeals Board (WCAB) found Zeber had sustained a compensable injury, but deferred any award pending further proceedings, including mandatory arbitration of the insurance coverage dispute under Labor Code section 5275, subdivision (a)(1).[1]

Travelers filed a petition for writ of review, arguing section 5275, subdivision (a)(1) applies only to cases involving injuries occurring on or after January 1, 1994. Because Zeber admitted he sustained his cumulative injury no later than 1978, Travelers argues the insurance coverage dispute must be determined by a workers' compensation judge (WCJ), and not by an arbitrator. Travelers requests we annul, vacate and set aside the WCAB's decision sending the coverage dispute to arbitration. In response, the WCAB argues section 5275, subdivision (a)(1) only applies to cases involving injuries occurring on or after January 1, 1990. However, the WCJ never made a finding on the date of injury for purposes of section 5275. The WCAB suggests we annul the challenged decision and remand for further proceedings, including a finding of the date of injury for purposes of section 5275. As discussed below, we conclude section 5275, subdivision (a)(1) applies

_____

[1] All statutory references are to the Labor Code.

2

only when the date of injury occurs on or after January 1, 1990. The WCJ never made a finding on the date of injury for purposes of section 5275, subdivision (a)(1), and we are statutorily precluded from making such a finding of fact. We will therefore annul the WCAB's decision, and remand for further proceedings, including a finding of the date of injury for purposes of mandatory arbitration.

STATEMENT OF THE CASE

On May 9, 2017, Zeber filed an application for adjudication of claim with the WCAB (Application), which he later amended to add or remove certain insurers. The Application alleged that while employed as a professional athlete with the New York Yankees, Zeber sustained cumulative trauma injury which began on June 1, 1968, and ended on June 14, 1978. The New York Yankees filed an answer, which generally denied the allegations and raised the statute of limitations as an affirmative defense. Following extensive discovery and a three-day trial, on June 23, 2022, the WCJ issued a findings and award order.

The WCJ found Zeber, while employed from June 1, 1968 through September 1, 1978 with the New York Yankees, sustained an injury arising out of and in the course of his employment. The WCJ, however, deferred any finding of permanent disability, apportionment or attorney fees pending development of the medical record.

The WCJ also found the one-year limitations period from "[t]he date of injury" set forth in section 5405 did not preclude Zeber's claim. The WCJ determined that section 5412 provides the "date of injury" for use with section 5405. Under section 5412, the date of injury is the "date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was

3

caused by his present or prior employment." The WCJ noted that "[i]t has long been held that an injured worker is not to be penalized for failing to immediately comprehend the definition of a continuous traumatic injury or his right to pursue a Workers['] Compensation claim absent notification by the employer." The WCJ found: "[Zeber's] unrebutted and credible testimony indicated that once he had discussions with his son sometime in 2017 or 2018, he became aware of his right to file a workers' compensation claim because his son, who was also a professional athlete, had filed his own claim [in 2017]. Further, there is no evidence supporting [Zeber] ever being advised about his rights to file a workers' compensation claim in California. . . . Therefore, without appropriate notice, the Statute of Limitations [affirmative] defense is tolled, and without appropriate knowledge, the claim cannot be barred pursuant to [section] 5412."

The WCJ also found the New York Yankees had coverage provided by an insurer, now administered by Travelers. In light of that finding, the WCJ noted that disputes between the parties involving a right of contribution under section 5500.5 must be sent to arbitration pursuant to section 5275, subdivision (a)(2).

Travelers filed a petition for reconsideration, arguing (1) the "New York Yankees failed to prove the existence of workers' compensation coverage from the period of April 5, 1977 to September 1, 1978," and (2) Zeber's "[s]ubmitted medical reports were not substantial medical evidence." Subsequently, the WCAB partially granted the petition for reconsideration. On September 13, 2022, it amended the WCJ's decision to (1) "defer the issue of insurance coverage which is subject to mandatory arbitration"; and to "[a]mend the award to clarify that it is against Travelers."

4

On October 28, 2022, Travelers filed a petition for writ of review with this court. The petition argued the WCAB erred in deferring the issue of insurance coverage to mandatory arbitration because mandatory arbitration under section 5275, subdivision (a) applies only to injuries occurring on or after January 1, 1994 and Zeber's injuries occurred long before 1994. It further argued that the New York Yankees failed to satisfy their burden of proof at trial that the New York Yankees were insured during Zeber's last injurious year.

The WCAB filed an informal letter responding to the petition. It stated that after further review of the administrative record, it concluded no award could be issued against Travelers until the deferred insurance coverage issues are finally adjudicated. The WCAB asserted "the issue of whether the insurance coverage in this case is subject to mandatory arbitration under . . . section 5275 has not yet been raised or adjudicated below." It requested this court annul the decision and remand the matter for the WCAB to issue a corrected reward.

On February 9, 2023, this court issued an order vacating the WCAB's decision and remanding the matter for further proceedings. We declined to address any issue raised in the petition.

Following remand, on March 1, 2024, the WCAB issued an opinion and decision. It reinstated and affirmed its September 13, 2022 decision but rescinded and deleted the award pending further proceedings. The WCAB returned the matter "to the trial level for further proceedings, including but not limited to mandatory arbitration of insurance coverage . . . ." (*Zeber v. New York Yankees* (Mar. 1, 2024, ADJ10857121.)

On April 15, 2024, Travelers filed the instant petition for writ of review, arguing "the WCAB act[ed] in excess of its authority in subjecting the question of insurance coverage to mandatory arbitration."

I.

## DISCUSSION

A. *Standard and Scope of Review*

This court is authorized to review WCAB decisions and to issue a writ of review. (§ 5950.) The WCAB's findings on questions of fact "are conclusive and final so long as, based on the entire record, they are supported by substantial evidence." (*Save Mart Stores v. Workers' Comp. Appeals Bd.* (1992) 3 Cal.App.4th 720, 723.) Indeed, judicial review of factual matters has been expressly limited by statute to whether the award "was not supported by substantial evidence" and whether the factual findings "support the order, decision or award under review." (§ 5952, subds. (d), (e).) Moreover, the reviewing court cannot "hold a trial de novo, . . take evidence or . . . exercise its independent judgment on the evidence." (*Id.*, subd. (e).) In contrast, the WCAB's "conclusions on questions of law are reviewed de novo" and "[w]hen the reviewing court is asked to interpret and apply a statute to undisputed facts, the review is [also] de novo." (*Benson v. Workers' Comp. Appeals Bd.* (2009) 170 Cal.App.4th 1535, 1543.)

The instant matter involves interpreting and applying provisions of the Labor Code. "As with all cases of statutory interpretation, "'[w]e first examine the statutory language, giving it a plain and commonsense meaning." [Citation.] We do not consider statutory language in isolation; instead, we examine the entire statute to construe the words in context. [Citation.] If the language is unambiguous, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.""""

6

[Citation.] Further, 'there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature' to interpret the statute. [Citation.]" (*Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 804.) "On the other hand, "'[i]f the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" [Citation.] When more than one statutory construction is arguably possible, our policy is "'to favor the construction that leads to the more reasonable result." [Citation.] This policy derives largely from the presumption that the Legislature intends reasonable results consistent with the apparent purpose of the legislation. [Citation.] Thus, our task is to select the construction that comports most closely with the Legislature's apparent intent, with a view to promoting rather than defeating the statutes' general purpose, and to avoid a construction that would lead to unreasonable, impractical, or arbitrary results.'" (*Ibid*.)

B. *Analysis*[2]

Section 5275 provides: "(a) Disputes involving the following issues shall be submitted for arbitration: [¶] (1) Insurance coverage. [¶] (2) Right of contribution in accordance with Section 5500.5. [¶] (b) By agreement of the parties, any issue arising under Division 1 (commencing with Section 50) or Division 4 (commencing with Section 3200) may be submitted for arbitration, regardless of the date of injury."

The statutory language evidences that certain issues must be submitted for mandatory arbitration, whereas other issues "may be

_____

[2] Immediately prior to oral argument, in response to our letter identifying issues for oral argument, the WCAB submitted additional case citations. We did not rely on the WCAB's supplemental briefing in our analysis.

7

submitted for arbitration, *regardless of the date of injury*." (§ 5275, subd. (b), italics added.) Although section 5275, subdivision (a)(1) does not reference a "date of injury" when viewed in conjunction with subdivision (b), the "date of injury" limits when an issue is subject to mandatory arbitration.

Zeber argues the WCAB has authority to send a matter to arbitration even if the matter does not fall within the scope of section 5275. His argument is grounded in section 10330 of title 8 of the California Code of Regulations, which provides that the WCJ "shall have full power, jurisdiction and authority to hear and determine all issues of fact and law presented and to issue any interim, interlocutory and final orders, findings, decisions and awards as may be necessary to the full adjudication of the case." (Cal. Code Regs., tit. 8, § 10330.) We disagree that this regulation permits a WCJ or the WCAB to overcome the limitations set forth in section 5275 for arbitration, whether mandatory or voluntary, regarding insurance coverage issues. It is well-established that "[a]dministrative regulations that alter or amend the statute or enlarge or impair its scope are void and courts not only may, but it is their obligation to strike down such regulations." (*Morris v. Williams* (1967) 67 Cal.2d 733, 748.) We decline to interpret the subject regulation as amending section 5275. Accordingly, we reject Zeber's contention that the WCJ had authority to order the insurance coverage to arbitration even if section 5275, subdivision (a)(1) did not apply.

Although section 5275, subdivision (a)(1) is silent on how the "date of injury" limits arbitration of insurance coverage disputes, the WCAB has consistently concluded that such disputes must be submitted to mandatory arbitration only if the date of injury occurs on or after a specific triggering date. (See, e.g., *Hardy v. New Orleans Saints* (June 10, 2014, ADJ8075845) 2014 Cal.Wrk.Comp. P.D. Lexis 350 [the"1993 notes

8

following . . . section 5275 indicate section 5275 limits arbitration to dates of injury after January 1, 1994."]; *Stabler v. Ks Adams*(May 6, 2022, ADJ7762424) 2022 Cal.WrkComp. P.D. Lexis 129, fn. 1 ["The insurance coverage issues were determined by the WCJ rather than a workers' compensation arbitrator because applicant's date of injury predates the mandatory arbitration statute"].) In this proceeding, the WCAB disclaims *Hardy*'s holding that the triggering date is January 1, 1994, noting that the 1993 amendments to the Labor Code did not address section 5275, subdivision (a)(1) or (a)(2). It contends the triggering date is January 1, 1990. Travelers concurs with this interpretation.

The WCAB's interpretation of section 5275, subdivision (a)(1) as being limited to cases where the date of injury occurred on or after January 1, 1990, finds support in the enacting legislation. Section 5275 was enacted on September 26, 1989 and became effective on January 1, 1990, as part of the Margolin-Bill Greene Workers' Compensation Reform Act of 1989 (Act). (See Stats. 1989, ch. 892.) The Act applies "only to injuries occurring on or after January 1, 1990." (Stats. 1989, ch. 893, § 6.) Additionally, as a general rule, "statutes operate prospectively only." (*Myers v. Philip Morris Companies, Inc.* (2002) 28 Cal.4th 828, 840.) Accordingly, we conclude the triggering date for mandatory arbitration pursuant to section 5275, subdivision (a)(1) is January 1, 1990.

Although the parties agree that section 5275, subdivision (a)(1) applies only where the "date of injury" occurs on or after January 1, 1990, they disagree on how to determine the "date of injury" in this case. The WCAB argues the "date of injury" must be determined pursuant to section 5412. Travelers argues the "date of injury" in this case is the last day Zeber

9

sustained his workplace injury, or September 1, 1978, as stipulated by the parties.[3]

Section 3208.1 provides: "An injury may be either: (a) 'specific,' occurring as the result of one incident or exposure which causes disability or need for medical treatment; or (b) 'cumulative,' occurring as repetitive mentally or physically traumatic activities extending over a period of time, the combined effect of which causes any disability or need for medical treatment. The date of a cumulative injury shall be the date determined under Section 5412." Here, Zeber claimed a cumulative traumatic injury. Section 5412 provides: "The date of injury in cases of occupational diseases or cumulative injuries is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his present or prior employment." Under the plain language of section 5412, Zeber's "date of injury" occurred at the time Zeber suffered disability *and* either knew or should have known his disability was caused by his present or prior employment. The stipulated September 1, 1978 date is insufficient to determine the "date of injury" because that date satisfies only the first element (date of disability) and not the second (date of actual or constructive knowledge).

---

[3] Travelers' argument is based on its request for judicial notice of a stipulation by the parties. We deny the request because we cannot consider evidence outside of the certified record. (See § 5951 ["No new or additional evidence shall be introduced in [the reviewing] court, but the cause shall be heard on the record of the appeals board, as certified to by it"].) Nevertheless, the certified record contains a copy of the stipulation, so we consider Travelers' argument.

Travelers argues the "date of injury" under section 5412 should not be used for the purposes of section 5275, subdivision (a)(1) because "[t]he Legislature intended section 5412 to be used as a shield to protect injured workers from the statute of limitations for workers' compensation claims." Travelers, however, concedes that the date of injury under section 5412 also has been used "as a point at which to fix disability indemnity rates." ( *J. T. Thorp, Inc. v. Workers' Comp. Appeals Bd.* (1984) 153 Cal.App.3d 327, 339.) We are not persuaded the Legislature intended to limit the use of the "date of injury," under section 5412, to those two circumstances. Indeed, the evidence is to the contrary. Section 3208.1, discussed above, borrows the "date of injury" from section 5412 when defining the date of a cumulative injury. Section 3208.1 is part of the definitional portion of the Labor Code governing workers' compensation, and the Labor Code expressly provides that "the definitions hereinafter set forth in this chapter shall govern the construction and meaning of the terms and phrases used in this division." (§ 3204.) Both sections 3208.1 and 5412, discussed above, were enacted years before the Legislature enacted section 5275. (See Stats. 1973, ch. 1024, § 1, p. 203 [amending former section 3208.1 to add "determine under Section 5412"]; Stats.1973, ch. 1024, § 3, p. 2032 [amending former section 5412 to add "or cumulative injuries"].) The Legislature thus was aware that in the context of workers' compensation law, "date of injury" is a term of art referring to section 5412. (See *People v. Borynack* (2015) 238 Cal.App.4th 958, 965 ["When the Legislature uses a term of art, it is presumed to be aware of its established meaning and 'a court construing that use must assume that the Legislature was aware of the ramifications of its choice of language'"].) By using "date of injury" as described in section 5275, subdivision (b), it can be inferred that the Legislature intended "date of injury" to mean the same for

11

section 5275, subdivision (a)(1). In sum, the "date of injury" for purposes of mandatory arbitration in cases involving cumulative injury is the "date of injury" set forth in section 5412.

As the WCAB and Travelers both noted, the WCJ never made a finding of the "date of injury" under section 5412 for the purposes of section 5275, subdivision (a)(1). Rather, the WCJ discussed the "date of injury" for statute of limitations purposes only, and found that "without appropriate knowledge, the claim cannot be barred pursuant to [section] 5412." Because the "date of injury" is a factual question and a prerequisite for mandatory arbitration, we conclude the WCAB acted in excess of its authority to send the insurance coverage dispute to mandatory arbitration. Having found error, we must determine the appropriate and just disposition of this petition.

Under section 5953, we may only affirm or annul an order or decision or remand the case for further proceedings. We cannot make our own factual determination of the "date of injury" based on the certified record. (See § 5953 [the reviewing court "shall enter judgment either affirming or annulling the order, decision, or award, or the court may remand the case for further proceedings before the appeals board"].)

Zeber contends we should affirm, which requires a determination that the error in not finding a "date of injury" for purposes of section 5275, subdivision (a)(1) is harmless. The argument for harmless error is the WCJ impliedly found the "date of injury" occurred within one year of the May 9, 2017 filing of the Application when the WCJ rejected the statute of limitations defense. Although the WCJ did not find the exact date of injury, any date would be after January 1, 1990, and thus, the insurance coverage would be subject to arbitration under section 5275, subdivision (a)(1). The implied finding of the date of injury, however, has not conclusively been

12

established by substantial evidence. Under section 5412, the "date of injury" is the date of the concurrence of the disability and the worker's knowledge "that such disability was caused by his present or prior employment." The WCJ's "review[ ]" of the "date of injury pursuant to [section 5412]," however, focused on Zeber's awareness that he could file a workers' compensation claim. Knowledge that one can file a workers' compensation claim is different from knowledge that a disability was caused by a present or prior employment. Thus, we cannot rely on the WCJ's implied finding of a "date of injury" to support the WCAB's order.

Travelers and the WCAB both argue we should annul the order. The WCAB argues we should remand the matter for the WCJ to make the factual determination of the "date of injury" for purposes of arbitration. Travelers argues the WCAB forfeited the right to seek remand for a factual finding because the WCAB did not raise the request until after this court issued a writ of review. We find no forfeiture because in our order filed October 1, 2024, issuing a writ of review, we stated that "the parties upon further review of th[e] record may wish to file supplemental briefs on factual or legal points" and provided a date by which any supplemental letter briefs were due. The WCAB submitted its letter brief in accordance with our invitation. Additionally, we are unaware of—and Travelers does not cite—any limitation on our authority to order a factual determination when remanding a matter under section 5953. For example, there is no time limit set forth in section 5275 for when a determination of a "date of injury" must be made. Accordingly, we will annul the WCAB's decision and remand for further proceedings, including for a factual determination of the "date of injury" for purposes of section 5275, subdivision (a)(1).

13

DISPOSITION

The WCAB's decision is annulled and the matter is remanded for further proceedings consistent with this opinion. Travelers is entitled to its costs in these proceedings. (Cal. Rules of Court, rule 8.493(a)(1)(A).)


DELANEY, J.


WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.

14

Filed 5/28/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY,<br><br>    Petitioner,<br><br>        v.<br><br>WORKERS' COMPENSATION APPEALS BOARD and GEORGE ZEBER,<br><br>    Respondents. | G064030<br><br>(WCAB Case No. ADJ10857121)<br><br> O R D E R |

Respondent has requested that our opinion, filed on May 7, 2025, be certified for publication. California Lawyers Association has also requested that our opinion filed on May 7, 2025, be certified for publication. It appears that the opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The requests are GRANTED.

The opinion is ordered published in the Official Reports.

DELANEY, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

GOODING, J.